IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TOI HORN | * | |
|    Appellant | * | |
| v. | * | Civil Action No. PWG-19-3026 |
| TICHI PROPERTY, LLC, HAMEEDUALLAH VIRK, SETERUS, INC, FANNIE MAE | * * * | |
|    Appellees | | |
| | *** | |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Ms. Toi Horn's appeal of an order from the Bankruptcy Court discharging her debts.[1] For the reasons discuss below, Ms. Horn's appeal is denied.

**Background**

Ms. Horn has not designated a record on appeal. But the underlying background is familiar to this Court, as this is the second appeal that Ms. Horn has filed from the same proceedings in the Bankruptcy Court. The undisputed factual background of this appeal is as follows.

On March 18, 2018, a foreclosure sale was held for the real property known as 10312 Garson Terrace, Lanham, Maryland, 20706 (the "Property"). *See* Trustee's Report of Sale, ECF 38-1, Case No. 19-cv-00046-PWG. A Ms. Emma Horn, now deceased, had an interest in the

---

[1] The appeal is fully briefed. See ECF Nos. 1, 4, 7, 9, 18. A hearing is not necessary. Local Rule 105.6 (D. Md. 2018).

Property.  ECF No. 9 at 6.  Ms. Emma Horn had executed a Deed of Trust for the Property which eventually was transferred to Fannie Mae, which held the deed at the time of the foreclosure sale. *Id.*  On information and belief, Fannie Mae states that appellant Ms. Toi Horn is an heir to Ms. Emma Horn and held an interest in the property following Ms. Emma Horn's death, *id.*; and certainly Ms. Toi Horn claims an interest in the property, which has led to these appeals.  After a default on payments for the Property, Fannie Mae sold the Property in the foreclosure sale to a third party, Tiehi Property, LLC.[2]

On May 1, 2018, <u>after</u> the foreclosure sale but <u>before</u> the sale was ratified, Ms. Horn filed the underlying petition for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland.  Case No. 18-15871.  The deadline for creditors to file a proof of claim was October 17, 2018.  *See* Docket Sheet, ECF No. 8.  On August 8, 2018, before the claims deadline, Ms. Horn obtained permission to convert the case to Chapter 7.  ECF No. 9-1.  On October 16, 2018, the Chapter 7 Trustee filed a no asset report, which stated that "there is no property available for distribution from the estate over and above that exempted by law."  *Id.*

On November 2, 2018, Fannie Mae filed a motion to terminate the automatic stay in effect so that it could pursue its non-bankruptcy rights under state law and ratify the sale.  ECF No. 8.  Ms. Horn did not file an opposition or otherwise respond to Fannie Mae's motion.  *Id.*  On December 20, 2018, the Bankruptcy Court granted Fannie Mae's motion to terminate the automatic stay and entered an Order terminating the stay.  *Id.*  Ms. Horn appealed the Order terminating the stay to this Court.  Case No. 19-cv-00046-PWG.  On September 27, 2019, this

---

[2] Ms. Horn includes as appellees and focuses her filings on third party purchaser "Tichi Property, LLC" and "Hameeduallah Virk" which appears to be a misspelling of "Tiehe Property, LLC" and "Hameedullah Virk."  *See* Trustee's Report of Sale, ECF 38-1, case no. 19-cv-00046-PWG.

Court dismissed Ms. Horn's appeal, finding that the Bankruptcy Court did not abuse its discretion in terminating the automatic stay. ECF No. 37, case no. 19-cv-00046-PWG.

Three days later, on September 30, 2019, the Bankruptcy Court granted Ms. Horn a discharge of her debts. ECF No. 1-1. But Ms. Horn appealed the discharge of her debts to this Court, which is the subject of the pending appeal. As discussed further below, Ms. Horn's appeal focuses on the fact that Appellees did not file proofs of their claims in the Bankruptcy Court, presumably based on the theory that this was required to show and retain their interest in the Property that was sold in the foreclosure sale.

## Standard of Review

A district court "sits as an appellate tribunal in bankruptcy." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); 28 U.S.C. § 158. As such, it reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *See id*. "With respect to the bankruptcy court's application of law to the facts, the district court reviews for abuse of discretion." *In re Rood*, No. DKC 12-1623, 2013 WL 55650, at *2 (D. Md. Jan. 2, 2013). Here, the Bankruptcy Court's discharge of Ms. Horn's debts is reviewed for an abuse of discretion. *Cf. In re Cox*, 904 F.2d 1399, 1401 (9th Cir. 1990).

## Discussion

The primary basis for Ms. Horns' appeal is that Respondents did not file proofs of claim with the Bankruptcy Court.³ *See* ECF Nos. 1, 4, 7, 18. In particular, Ms. Horn states that the

---

³ In her brief in support of her appeal, Ms. Horn also states that Orlans PC made false statements to the Bankruptcy Court that it was counsel for Fannie Mae and that Fannie Mae purchased the Property. ECF No. 7 at 3. I addressed these arguments in Ms. Horn's previous appeal. *See* Letter Order Denying Motion for Reconsideration, ECF No. 55, case no. 19-cv-00046-PWG.

3

Bankruptcy Court could not locate an address for Tichi Property, LLC and Hameedullah Virk before the discharge was entered, but that after the discharge was entered Ms. Horn located their contact information. ECF No. 7. Ms. Horn requests a "second chance" to contact them for them to show proof of claim. *Id.*

The purpose of a proof of claim is to assert a right to receive payment. *See* 11 U.S.C. § 101(5) (defining a claim as (1) a right to payment; (2) or a right to an equitable remedy for a failure of performance if the breach gives rise to a right to payment.) Under Fed. R. Bankr. P. 3002(a), "A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim."

Here there was no requirement for Appellees to file proof of claim of any interest in the Property. First, the Property was sold in a foreclosure sale before Ms. Horn filed for bankruptcy. The Bankruptcy Court terminated the automatic stay so that Fannie Mae could exercise its rights under state law to ratify the sale, which this Court found was not an abuse of discretion. Therefore there was no requirement for any of the Appellees to file proof of a claim for an interest in the Property. *See Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 94 (4th Cir. 1995) (holding that a creditor's failure to file a proof of claim is not grounds to avoid its lien). Second, this point is underscored by the Trustee's report, which found that there were no executable assets and that the Trustee was not distributing any assets. ECF No. 9-2. Therefore there was no need for a creditor to file a claim of proof to receive any assets. And finally, Ms. Horn was on notice that secured creditors were not required to file a proof of claim to retain their rights in their collateral. *See* Notice of Chapter 7 Bankruptcy Case -- Proof of Claim Deadline, ECF No. 9-1 ("Secured creditors retain rights in their collateral regardless of whether they file a proof of

---

For the same reasons as discussed therein, these arguments fail and provide no basis for relief here.

claim.")  Moreover, it is unclear how or why Ms. Horn's arguments regarding proofs of claim should result in this Court reversing the Bankruptcy Court's order *discharging her debts*.

Ms. Horn has not provided any authority that would support the claim that the Bankruptcy Court abused its discretion by discharging her debts.  Therefore, Ms. Horn's appeal is denied.

### Conclusion

The Court recognizes that Ms. Horn has been fervently attempting to regain the Property that was sold in the foreclosure sale.  But this appeal of the discharge of her debts is not a vehicle to do so.  The Court finds that the Bankruptcy Court did not abuse its discretion in discharging Ms. Horn's debts.  Therefore, this appeal is dismissed and the Clerk is directed to close this case.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 28th day of August, 2020, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Appellant's case is DISMISSED;
2. The Clerk SHALL CLOSE this case; and
3. The Clerk SHALL SEND a copy of this Memorandum Opinion and Order to Appellant.

\_\_\_/S/_____
Paul W. Grimm
United States District Judge